IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Tito Lemont Knox, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:23-cv-02317-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Officer Graham, Joe Bidden, S. Rice, Warden Leregure, Associate Warden S. Garland, Warden Eric Williams, and Henry M. Herlong, Jr, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 30, 2023, Plaintiff Tito Lemont Knox, a civilly committed detainee proceeding *pro se* and *in forma pauperis*, filed this civil action alleging violations of his constitutional rights. (ECF No. 1); *see also* (ECF No. 9) (granting Plaintiff's motion to proceed *in forma pauperis*). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), finding the complaint is subject to summary dismissal and recommending that the undersigned dismiss this action without prejudice and without issuance and service of process. (ECF No. 11). Plaintiff filed objections to the Report, (ECF No. 13), and this matter is now ripe for review.

**BACKGROUND**

In his complaint, Plaintiff sets forth a wide range of allegations, including that: he was illegally searched and arrested (ECF No. 1 at 5); he was unable to face his accuser (*id.*); an unspecified individual provided false testimony and a fraudulent report (*id.*); he was denied a second opinion from an outside psychologist (*id.* at 5; 14); he is being held in violation of his

1

constitutional rights "for no reason" (*id*. at 5); he was denied hearings in violation of due process (ECF No. 1 at 14); he is being treated without his consent and in violation of his constitutional rights at Springfield Medical Center (ECF No. 1 at 16); he has been discriminated against due to his race (ECF No. 1 at 18); and no presentence report has been completed (ECF No. 1 at 21). He also expressed that he was filing a "civil criminal complaint internal investigation against staff at this institution for entrapment, fraud, planting technology under [his] skin while sending electronic rays to prompt [him] to act abnormal." (ECF No. 1 at 15). For his injuries, Plaintiff alleged he coughed up blood and suffered nosebleeds from being confined in a "poorly ventilated cell" and that unspecified staff members aggravate him in order to "conjure up false reason[s] to inject [him] with medicine." (ECF No. 1 at 6). For his only relief, he requested to be released from confinement. (ECF No. 1 at 6; 16; 18; 21).

In her Report, the magistrate judge recommended this case be dismissed for failure to state a claim upon which relief can be granted since Plaintiff's requested relief is not available in a civil action.[1] (ECF No. 11 at 3). Plaintiff subsequently submitted a letter wherein he restated his frustrations with the underlying facts of his criminal case and commitment. (ECF No. 13 at 1 – 3). However, nothing in this filing addressed the magistrate judge's recommendation to dismiss his claim for failure to state a claim upon which relief can be granted. He also does not request any additional relief other than that the court take action on his case and release him. (ECF No. 13 at 2).

---

[1] The magistrate judge also warned Plaintiff that, if her recommendation is adopted, a future court may find that this action constitutes a strike under 28 U.S.C. § 1915(g). (ECF No. 11 at 4 n.1).

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also

3

be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

Plaintiff filed a letter in response to the Report, (ECF No. 15), wherein he only takes issue with the magistrate judge's characterization of the status of his criminal charges[2], (ECF No. 13 at 1), and rehashes a number of arguments in his complaint. Importantly, as discussed, Plaintiff does

---

[2] Plaintiff asserts that his charges are no longer pending. (ECF No. 13 at 1). Plaintiff is correct that he was deemed "Not Guilty by Reason of Insanity" of his underlying criminal charges by order of the court on June 22, 2007. *United States v. Knox,* Criminal Action No. 6:06-cr-00269, dkt. entry 50 (D.S.C. June 22, 2007). However, at the time of the filing of the instant civil case, several matters related to Plaintiff's confinement status remained pending before the District Court in his criminal case. *See id.* at dkt. entry 215 (D.S.C. Aug. 1, 2022) (indicating a violation of his conditional release, which sparked revocation proceedings); *id.* at dkt. entry 283 (D.S.C. Feb. 22, 2023) (indicating that a hearing was held on February 22, 2023 as to the revocation of Plaintiff's conditional release); *id.* at dkt. entries 294, 298, 299 (D.S.C. April 2023) (pro se motions requesting release); *id*. at dkt. entries 304, 305 (D.S.C. July 12, 2023) (motions originally filed as habeas petitions in civil case *Knox v. Krueger*, No. 0:23-cv-2811-TMC-PJG (2023) prior to the filing of the instant case but that were later re-docketed in his criminal case as motions for release). At the time of the magistrate judge's Report, those matters remained pending before the U.S. District Judge Donald C. Coggins, Jr. in Plaintiff's criminal case. Judge Coggins has since ruled on those matters. *Id.* at dkt. entry 306 (D.S.C. July 18, 2023). However, Plaintiff has filed several new motions in his criminal case requesting relief. *Id.* at dkt. entries 308, 323, 324 (D.S.C. 2023).

not object to the magistrate judge's decision to dismiss his case for failure to state a claim upon which relief may be granted. He also does not request any additional relief other than to be released. (ECF No. 13 at 2). Indeed, he provides he "must be immediately released under administration of perjury." *Id*. Accordingly, due to the lack of any specific objections to the magistrate's recommendation, this court must only review the magistrate judge's recommendation to dismiss this claim for failure to state a claim for clear error.

Here, the court finds no clear error, as it is well-settled that a § 1983 or *Bivens* case "cannot be used to seek release from illegal physical confinement." *Lee v. Winston*, 717 F.2d 888, 892 (4th Cir. 1983). Additionally, to the extent such complaint may be liberally construed as a petition for habeas relief pursuant to 28 U.S.C. § 2241, habeas relief of this nature is "typically available only when the petitioner has no other remedy." *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004). Plaintiff currently has a motion for release pending in his criminal case. *United States v. Knox*, Criminal Action No. 6:06-cr-00269-DCC, dkt. entry 308 (D.S.C. Aug. 2, 2023). Furthermore, it appears that Knox previously filed a petition pursuant to § 2241 based on seemingly identical assertions, and such petition was denied on the merits. *Knox v. United States*, Case No. 9:07-1792-HMH-GCK, 2008 WL 2168866 (D.S.C. May 20, 2008), *adopting Report and Rec.,* 2008 WL 2168871 (D.S.C. May 2, 2008). Accordingly, Plaintiff is estopped from relitigating the same claims that have already been ruled upon on the merits.[3] *See Melm v. Gonzalez*, 151 Fed. App'x

---

[3] The Fourth Circuit has recognized that "sua sponte consideration of a preclusion defense 'might be appropriate in special circumstances[.]'" *Clodfelter v. Rep. of Sudan*, 720 F.3d 199, 208 (4th Cir. 2013) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). Such special circumstances exist where "the proceedings implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation." *Id.* (citation omitted). The court finds this to be the case here, as Plaintiff has continued to attempt to relitigate the same claims in his various civil proceedings and his criminal case. Many of these claims seek to re-visit the finding that he was not guilty only by reason of insanity, which is not a cognizable claim for habeas relief. *Archuleta*,

252, 257 (4th Cir. 2005) (holding a § 2241 petition, which the Fourth Circuit treated as a petition for review of a final order of deportation, was barred where it raised identical claims that were previously litigated in a separate avenue). To the extent such claims are not procedurally improper based on estoppel, the undersigned refuses to second-guess the thoughtful determination of these issues by another District Judge.

## CONCLUSION

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 11), which is incorporated herein by reference.[4]  Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 8, 2023

## NOTICE OF RIGHT TO APPEAL

---

356 F.3d at 648. Additionally, it is certainly of the public's concern whether someone that has been clinically assessed to pose a risk to the public is released into society from institutionalization.

[4] The court notes that, days before filing this complaint, Plaintiff filed a petition for a writ of habeas corpus challenging some of the same issues raised herein, including his ongoing commitment. *Knox v. Krueger*, Civil Action No. 0:23-cv-2811, dkt. entry 1 (D.S.C. May 26, 2023). Plaintiff later filed an amended petition (*id.* at dkt. entry 7 (D.S.C. June 30, 2023)), and the district court judge presiding over his criminal case has since interpreted the petitions as motions for unconditional release and concluded they were moot based on the reasons set forth in his order. *United States v. Knox*, Criminal Action No. 6:06-cr-269, dkt. entry 306 at 6 n.2 (D.S.C. July 18, 2023).

Additionally, following the district court judge's ruling on the aforementioned petitions, on July 31, 2023, Plaintiff filed another civil complaint, alleging torture as well as some of the same allegations raised herein. *Knox v. Herlong*, Civil Action No. 0:23-cv-03697, dkt. entry 1 (D.S.C. July 31, 2023).

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.